IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MARCELO BENITEZ TREJO, )
)
Petitioner, ) CIVIL ACTION NO.: CV206-225
)
v. )
)
UNITED STATES OF AMERICA, ) (Case No.: CR205-22)
)
Respondent. )

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Trejo has filed Objections. In his Objections, Trejo reasserts the contentions raised by his §2255 Motion. Trejo contends that his sentence was improperly enhanced by a drug quantity which was not included in the Indictment or submitted to a jury. He alleges that his trial counsel's failure to file a notice of appeal raising the drug quantity issue was "per se deficient." (Doc. No. 8, p. 6 (citing Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000)).

Trejo's claim is procedurally defaulted by the judicially-created exhaustion requirement of §2255. "[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). "[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Id. at 1234. A claim which would be otherwise

AO 72A
(Rev. 8/82)

procedurally defaulted is cognizable under one of two exceptions: first, where a defendant shows cause for not raising the claim on direct appeal and actual prejudice from the alleged error; or second, where a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id.

Trejo relies on the first exception, contending that it was the ineffective assistance of his trial counsel that caused his failure to raise the alleged sentencing error on direct appeal. Ultimately, however, Trejo fails to show that he received ineffective assistance of counsel constituting cause and prejudice. As the Magistrate Judge noted, the sentencing Court very clearly advised Trejo of his right to appeal, and thus he cannot now legitimately contend that it would have been professionally unreasonable for counsel not to consult with him further about an appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 479-80, 120 S. Ct. 1029, 1036, 145 L. Ed. 2d 985 (2000) (holding that counsel's failure to file notice of appeal without defendant's consent is *not* per se deficient). Accordingly, Trejo fails to show ineffective assistance of counsel, and fails to show any other cause to overcome his procedural default.[1]

---

[1] A recent Eleventh Circuit decision applying Flores-Ortega and finding that counsel did have a duty to consult about an appeal is distinguishable from the case sub judice. In Thompson v. United States, No. 05-16970, slip op. 1427 (11th Cir. March 20, 2007), the Eleventh Circuit found that counsel had a "clear duty" to consult with the petitioner because, under the Flores-Ortega framework, he "reasonably demonstrated an interest in appealing." Id. at 1431 (citing Flores-Ortega, 528 U.S. at 480, 120 S. Ct. 1029). There, the evidence showed that the petitioner expressed his unhappiness with his sentence to counsel, and asked counsel about his right to appeal. Thompson at 1431. The Court also found that under the circumstances, it could not be said that no rational defendant would want to appeal a sentence in which he was denied the same minor role reduction that was given to his co-defendants. Id. The facts of this case are distinguishable. Trejo does not assert that he demonstrated any interest in appealing his sentence to counsel, nor is this a case in which any rational defendant would want to appeal. Though the Thompson court noted that the sentencing court's having notified the petitioner of his right to appeal "does not absolve counsel from the duty to consult with his client about the substance of the right to appeal," Id., this Court is persuaded by the Supreme Court's rejection of a per se duty to consult and its finding that "[i]n some cases, counsel [may] reasonably decide that he need not repeat" the court's instructions about the right to appeal. Flores-Ortega, 528 U.S. at 479-480, 120 S. Ct. at 1036. Given the sentencing court's instructions and the aforementioned circumstances surrounding Trejo's sentencing, the Court finds that this is just such a case, and counsel had no clear duty to consult further.

Trejo's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court, and Trejo's 28 U.S.C. § 2255 Motion is hereby **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 10th day of April, 2007.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA